# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**FILED**

December 19, 2017
**EDYTHE NASH GAISER**, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**ROBERT WELLS,**
**Claimant Below, Petitioner**

vs.)    **No. 17-0553** (BOR Appeal No. 2051770)
(Claim No. 2011012809)

**KROGER LIMITED PARTNERSHIP I**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Robert Wells, by Patrick Maroney, his attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. Kroger Limited Partnership I, by Sean Harter, its attorney, filed a timely response.

The issue on appeal is the amount of permanent partial disability impairment resulting from the compensable injury. On November 24, 2015, the claims administrator issued an Order granting no permanent partial disability award to Mr. Wells for his compensable injuries. The Workers' Compensation Office of Judges affirmed the granting of no award in a Final Decision dated December 28, 2016. This appeal arises from the Board of Review's Final Order dated May 19, 2017, in which the Board affirmed the decision of the Office of Judges. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. Wells, a department manager at Kroger's, was injured on October 8, 2010, while helping a co-worker move a pallet of freight. A thirty pound box of cheese fell about three feet, and struck him on top of the head. Mr. Wells was not wearing a hard hat or protective hat at the time of the incident. He did not lose consciousness, but he felt dazed. He sought treatment at

1

Health Plus Urgent Care. The Claims Administrator held the claim compensable for head contusion, and cervical strain on October 8, 2010.[1]

On December 6, 2010, Mr. Wells underwent an MRI of his thoracic spine and an MRI of his cervical spine at St. Francis Hospital. The MRI revealed mild rightward curvature of the thoracic spine, possible partially positional in nature, and multilevel thoracic spondylosis and Schmorl's node formation. Abnormalities were also detected in the cervical spine. The MRI of the cervical spine revealed a straightening/mild reversal of the normal cervical lordosis in the upper to mid cervical spine, multilevel degenerative disc disease, facet hypertrophy, uncovertebral hypertrophy, spinal canal stenosis, and neural foraminal narrowing.

An independent medical evaluation performed by Marsha L. Bailey, M.D., dated June 23, 2011, was submitted by the employer. Dr. Bailey diagnosed Mr. Wells with chronic cervical and thoracic pain as the result of multilevel degenerative disc disease, and degenerative joint disease. She was of the opinion that Mr. Wells was not in need of any further treatment of any kind, and characterized the treatment with cervical facet joint medial branch blocks and thoracic facet joint injections as treatment for degenerative joint disease and degenerative disc disease, which is part of the normal aging process. Using the American Medical Association's, *Guides to the Evaluation of Permanent Impairment* (4th Ed. 1993), Dr. Bailey rendered a 0% whole-person impairment rating, relative to the cervical spine, thoracic spine, and right shoulder.

Bruce A. Guberman, M.D., evaluated Mr. Wells and issued a report dated September 2, 2015. In his independent medical evaluation report, Dr. Guberman diagnosed the compensable injury of October 8, 2010, as chronic post-traumatic strains of the cervical spine, thoracic spine, and a right shoulder injury. Dr. Guberman rendered a 7% whole-person impairment rating, which was the combined value of 0% for the cervical spine, 5% for the thoracic spine, and 2% for the right shoulder.

Syam B. Stoll, M.D., evaluated Mr. Wells for an independent medical evaluation and submitted a report dated October 1, 2015. Dr. Stoll noted that the only accepted diagnoses in this claim are head contusion and cervical sprain/strain. Dr. Stoll went on to say that the cervical sprain/strain cannot be included in this claim as valid due to an intervening injury on December 30, 2014. Dr. Stoll stated, "The claimant had sustained another work-related independent intervening event outside of this current claim on December 30, 2014, where he sustained the following new injuries: neck sprain/strain, sprain/strain of the left ankle, and sprain/strain of left shoulder. He has already undergone an independent medical evaluation for these injuries and was awarded a PPD rating. So therefore providing an impairment rating for the neck sprain/strain for the October 8, 2010, injury at the current time would not be valid. Any range of motion loss would be related to the most recent [December 30, 2014] injury and would not be due to an injury that occurred five years ago." Dr. Stoll disagreed with Dr. Guberman's assessment of the cervical spine because of the independent intervening event, which Dr. Guberman fails to

---

[1] The only compensable conditions in this claim are cervical strain and head contusion. In a Final Decision of the Office of Judges dated July 19, 2012, the Office of Judges found that the claimant's compensable injury of October 8, 2010, was a cervical strain and a head contusion. This Decision was affirmed by the Board of Review by Order dated January 30, 2013.

address in his report. In the end, Dr. Stoll was unable to provide a valid impairment rating due to the fact that the injury occurred five years prior, and the fact that his imaging revealed moderate cervical spondylosis, which pre-existed the claim. Dr. Stoll attributed any range of motion loss to the progression of the pre-existing cervical spine disease.

The Claims Administrator issued an Order dated November 24, 2015, granting no permanent partial disability based upon Dr. Stoll's October 1, 2015, report. The claim was closed for permanent partial disability benefits. Mr. Wells protested the decision.

The Office of Judges found that the preponderance of the evidence demonstrates that Mr. Wells has no whole-person disability impairment. The Office of Judges noted that the only compensable conditions in this claim are cervical strain and head contusion. The Employer argued that Dr. Guberman's 7% whole-person impairment rating should be rejected because Mr. Wells sustained a subsequent work-related injury prior to Dr. Guberman's evaluation. The Employer also asserted that Dr. Stoll believed that it had been improper for Dr. Guberman to have assessed Mr. Wells's impairment from the subject compensable injury after he sustained another injury on December 30, 2014. The Office of Judges found the Employer's position to be persuasive, and concluded that the preponderance of the evidence demonstrates that Mr. Wells is not entitled to permanent partial disability attributable to the subject injury. As such, the Office of Judges issued a Final Decision dated December 28, 2015, affirming the November 24, 2015, Order of the Claims Administrator. The Board of Review adopted the conclusions of law of the Office of Judges and affirmed its decision on May 19, 2017.

After review, we agree with the decision of the Board of Review. Dr. Bailey evaluated Mr. Wells on June 23, 2011, approximately eight months after the compensable injury. The record indicates that Mr. Wells sustained a subsequent, work-related injury prior to Dr. Guberman's evaluation. Dr. Guberman did not assess the extent to which the pre-existing thoracic spine and right shoulder conditions contributed to Mr. Wells's overall impairment. It appears that the Board of Review's Order is supported by the evidence of record.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED: December 19, 2017**
**CONCURRED IN BY:**
Justice Margaret L. Workman
Justice Elizabeth D. Walker
Chief Justice Allen H. Loughry II
Justice Robin J. Davis

**DISSENTING:**
Justice Menis E. Ketchum